## Case No. 7,374.

### JOHNSON et al. v. BOND.

[Hempst. 533.] [1]

Circuit Court, D. Arkansas. April. 1847.

A. Fowler, for plaintiffs.
George C. Watkins, J. M. Curran, and P. Jordan, for defendant.

JOHNSON, District Judge. To the defendant's fifth plea of set-off, the plaintiff has replied the statute of limitations of three years, to which the defendant, in his second rejoinder avers, that at the time of the accrual of the causes of action as stated in the plea of set-off, the plaintiffs were, and from thence until within three years next before the commencement of this suit, continued to be out of, and did not return to, the state of Arkansas. The plaintiffs move to strike this rejoinder from the record files, on the ground that it is no answer to the replication. The rejoinder is valid, unless the 20th section of the statute of limitations, providing for absence from the state, has been repealed. Rev. St. 529.

The act of 1844 (Acts 1844, p. 25) does, in fact, repeal this section, and the question arises, whether the repealing act is constitutional. I am clearly of opinion that it is not; because it takes from the party all remedy upon his contract, without affording him any, even the shortest time in which to bring suit after the return of the person absent to this state. Piatt v. Vattier [Case No. 11,117]. It has been repeatedly held that a statute of limitations which abrogates all remedy upon contracts, is equivalent to a law impairing the obligation of the contract itself, and, consequently, unconstitutional and void. Bronson v. Kenzie, 1 How. [42 U. S.] 311.

The motion to strike out must, therefore, be overruled, and the rejoinder adjudged good.

[1] [Reported by Samuel H. Hempstead, Esq.]